UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENJAMIN CAREATHERS, individually, and on Behalf of All Others Similarly Situated,<br>                                    Plaintiff,<br>vs.<br>RED BULL NORTH AMERICA, INC., a California Corporation,<br><br>                                    Defendants. | Civil Action No. 1:13-CV-0369 (KPF) |
| DAVID WOLF and MIGUEL AMARAZ, individually and on behalf of others similarly situated,<br>                                    Plaintiff,<br>vs.<br>RED BULL GMBH, a foreign company; RED BULL NORTH AMERICA, INC., a California Corporation; and RED BULL DISTRIBUTION COMPANY, INC., a Delaware corporation,<br><br>                                    Defendants. | Civil Action No. 1:13-CV-08008 (KPF) |

**Declaration of Theodore H. Frank in Support of Objection
and Notice of Intention to Appear through Counsel**

Declaration of Theodore H. Frank
No. 1:13-CV-0369 (KPF)

I, Theodore H. Frank, declare as follows:

1. I have personal knowledge of the facts set forth herein and, if called as a witness, could testify competently thereto.

2. I am a United States resident. My current business mailing address is 1718 M Street, NW #236, Washington DC, 20036. My telephone number is 703-203-3848. My email address is tfrank@gmail.com.

**I am a class member.**

3. On one and perhaps two occasions between July 1, 2012 and November 30, 2012, I purchased a twenty-four-pack of 8.4-oz. Red Bull Sugarfree at the Costco located at 1200 S Fern St, Arlington, VA 22202. On information and belief I also purchased at least one four-pack of Red Bull Sugarfree at local grocery stores in this time frame. I did not make such a purchase for resale. I am not a Red Bull employee, officer, director, agent, or representative.

4. On March 1, 2015, I filed a claim form on the Energy Drink Settlement website, and received the Claim Number 7B7B54B376 as confirmation.

5. I am thus a member of this class. I object to settlement approval and the fee request for the reasons stated in the attached memorandum of law. I intend to appear at the fairness hearing through counsel, either Erin Sheley or Adam Schulman of the Center for Class Action Fairness.

**This objection is brought in good faith.**

6. I manage the Center, a non-profit public interest law firm based out of Washington, D.C. I founded the Center in 2009.

7. The goal of the Center is to protect class members in the class action settlement process from certain abuses of the class action system. CCAF has won class members tens of millions of dollars and has received national acclaim. *See, e.g.,* Adam Liptak, *When Lawyers Cut Their Clients Out of the Deal*, N.Y. TIMES (Aug. 13, 2013) (calling me "the leading critic of abusive class action settlements"); Jeffrey B. Jacobson, *Lessons From CCAF on Designing Class Action Settlements*,

Law360 (Aug. 6, 2013) (discussing the Center's recent track record) (attached as Exhibit 1); Ashby Jones, *A Litigator Fights Class-Action Suits*, WALL ST. J. (Oct. 31, 2011).

8. CCAF has been successful, winning reversal on 12 of 15 federal appeals decided to date. *In re EasySaver Rewards Litig.*, No. 13-55373 (9th Cir. Mar. 19, 2015) (unpublished); *In re BankAmerica Corp. Secs. Litig.*, 775 F.3d 1060 (8th Cir. 2015); *Pearson v. NBTY, Inc.*, 772 F.3d 778 (7th Cir. 2014); *Redman v. RadioShack Corp.*, 768 F.3d 622 (7th Cir. 2014); *In re MagSafe Apple Power Adapter Litig.*, Nos. 12-15757, 12-15782, 2014 U.S. App. LEXIS 7708 (9th Cir. Apr. 24, 2014) (unpublished); *In re Dry Max Pampers Litig.*, 724 F.3d 713 (6th Cir. 2013); *In re HP Inkjet Printer Litigation*, 716 F.3d 1173 (9th Cir. 2013); *In re Baby Products Antitrust Litigation*, 708 F.3d 163 (3d Cir. 2013) ("*Baby Products II*"); *Dewey v. Volkswagen*, 681 F.3d 170 (3d Cir. 2012); *Robert F. Booth Trust v. Crowley*, 687 F.3d 314 (7th Cir. 2012); *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1039 (9th Cir. 2011); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011). We have also had success or partial success in dozens of district-court objections.

9. I bring this objection for the benefit of consumers and the class as a whole. As a child, I admired Ralph Nader and consumer reporter Marvin Zindler (whose autographed photo was one of my prized childhood possessions), and read every issue of *Consumer Reports* from cover to cover. I have focused my practice on conflicts of interest in class actions because, among other reasons, I saw a need to protect consumers that no one else was filling, and as a way to fulfill my childhood dream of being a consumer advocate.

10. I am an attorney duly licensed to practice law in several jurisdictions. Although I was contacted by numerous class members seeking representation in objecting to this settlement, for administrative ease and convenience I represent only myself. I file this objection *pro se*, but delegated most of the drafting of the objection to two Center attorneys, Adam Schulman and Erin Sheley, one of whom will file a *pro hac vice* motion and make an appearance on my behalf at the fairness hearing.

11. In my experience, class counsel opposing my objections seek to denigrate my work by calling me a "professional objector" and citing to court opinions criticizing such objectors. A

"professional objector" is one who brings objections in the hopes of extracting a *quid quo pro* payment to withdraw the objection or appeal of the objection's denial. By that legal definition, I am not a "professional objector," as I have never settled an objection for payment. I bring this objection in good faith. If this Court has any skepticism about my motives, I am happy to stipulate to an injunction forbidding me from seeking compensation for settling my objection at any stage without court approval.

12.   The difference between a "professional objector" and a public-interest objector is a material one. As the federal rules are currently set up, "professional objectors" have an incentive to file objections regardless of the merits of the settlement or the objection. In contrast, a public-interest objector such as myself has to triage dozens of requests for *pro bono* representation and dozens of unfair class action settlements, loses money on every losing objection (and most winning objections) brought, can only raise charitable donations necessary to remain afloat by demonstrating success, and has no interest in wasting limited resources and time on a meritless objection. The Center for Class Action Fairness objects to only a small fraction of the number of unfair class action settlements it sees; indeed, I personally object to only a fraction of the number of unfair class action settlements where I am a class member. (While one district court called me a "professional objector" in the broader sense, that court made clear that it was not meant pejoratively, and awarded me fees for a successful objection and appeal that improved the settlement for the class. *Dewey v. Volkswagen*, 909 F. Supp. 2d 373, 396 n.24 (D.N.J. 2012).)

13.   In my experience, class counsel frequently try to detract from the legal merits of my objections by accusing me of only bringing objections to seek fees. It is unclear why this is meant to discredit my objections any more than it discredits plaintiffs' case that their attorneys seek fees. In any event, the claim is false. The Center has only made federal fee requests when we have achieved a material pecuniary improvement in the class's position with our objections, and we have never been denied fees when we asked for them. Moreover, though non-profits are permitted to request attorneys' fees, all of our fee requests are constrained by federal tax law, which caps the amount of

fees we can receive in any tax year to a fraction of our total expenses. On more than one occasion, we have declined to seek fees when other objectors have, or have donated our fees to the class. *E.g.*, *In re Classmates.com*, No. 09-cv-0045-RAJ, 2012 U.S. Dist. LEXIS 83480 (W.D. Wash. Jun. 15, 2012). We will not seek fees in this case.

14. In my experience, including in this case, class counsel frequently try to detract from the legal merits of my objections by falsely accusing me or my organization of a goal to end class actions, not improve them. The accusation—aside from being utterly irrelevant to the legal merits of any particular objection—has no basis in reality. I have been writing and speaking about class actions publicly for nearly a decade, and I have never asked for an end to the class action, just proposed reforms for ending the *abuse* of class actions and class-action settlements; I have frequently confirmed my support for the principles behind class actions in declarations under oath, interviews, essays, and public speeches, including a January 2014 presentation in New York that was broadcast nationally on C-SPAN. That I oppose class action abuse no more means that I oppose class actions than someone who opposes food poisoning opposes food.

15. In my experience, class counsel frequently try to detract from the legal merits of my objections by misquoting half of a single sentence in *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 773, 785 (N.D. Ohio 2010) that alleged that an argument I made against "kicker" clauses was "long on ideology and short on law." It is worth noting that *Lonardo* was criticizing only one particular argument as "ideolog[ical]"; it otherwise held that "Frank's policy arguments contribute to the legal discussion regarding this important area of law," and awarded fees to my client based on the $2 million benefit to the class caused by the objection. Most importantly, I ultimately won the argument: the Ninth Circuit agreed with me and disagreed with *Lonardo* on the question of whether "kicker" arrangements where fees from a separate fund revert to the defendant are improper. *Contrast Pearson v. NBTY, Inc.*, 772 F.3d 778, 786-87 (7th Cir. 2014) *and In re Bluetooth Headset Prod. Liability Litig.*, 654 F.3d 935, 947 (9th Cir. 2011) *with Lonardo*, 706 F. Supp. 2d at 785. Even if it were

true in 2010 that my argument in *Lonardo* against the kicker was "short on law," it is not true now that that same argument has persuaded the Ninth and Seventh Circuits.

16. I have repeatedly seen class counsel in other cases attempt to discredit my objections by claiming that the objections are "ideological." I fail to see why that is relevant, but I believe that the primary beneficiaries of class actions are supposed to be the class members, and that class actions are harmful to society when they are structured to benefit the attorneys instead. This may be "ideology," but I think it's inherent in the nature of fiduciary duty to one's clients and the constitutional requirement of adequate representation. Fortunately, the appellate courts I have argued in front of have agreed with this "ideology." *See, e.g., In re BankAmerica Corp. Secs. Litig.*, 775 F.3d 1060 (8th Cir. 2015).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 30, 2015, in Houston, TX.

Theodore H. Frank

## Certificate of Service

I hereby certify that in accordance with the class notice, I caused the foregoing document to be sent via first class mail to the following individuals at the addresses listed below:

| | |
|---|---|
| **Morelli Alters Ratner, LLP**<br>Benedict P. Morelli<br>David S. Ratner<br>Adam Deutsch<br>777 Third Avenue, 31st Floor<br>New York, NY 10017 | **Kaplan Fox & Kilsheimer LLP**<br>Frederic S. Fox<br>850 Third Avenue, 14th Floor<br>New York, New York 10022 |
| **Morelli Alters Ratner, LLP**<br>Jeremy W. Alters<br>Matthew T. Moore<br>2675 Northeast 188th Street<br>Miami, Florida 33180 | **Skadden Arps Slate Meagher & Flom LLP**<br>Jason D. Russell<br>Hillary A. Hamilton<br>300 S. Grand Ave., Suite 3400<br>Los Angeles, CA 90071 |
| **Kaplan Fox & Kilsheimer LLP**<br>Laurence D. King<br>Linda M. Fong<br>350 Sansome Street, Suite 400<br>San Francisco, CA 94104 | Kenneth A. Plevan<br>Jordan A. Feirman<br>Four Times Square<br>New York, NY 10036 |
| **Kaplan Fox & Kilsheimer LLP**<br>Justin B. Farar<br>11111 Santa Monica Blvd, Suite 620<br>Los Angeles, CA 90025 | |

In addition, I caused the foregoing document to be sent via overnight delivery service to:

Clerk of the Court
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

DATED this 31st day of March, 2015.

_____
Theodore H. Frank

---