UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 27, 2015
```

BENJAMIN CAREATHERS,
individually, and on behalf of all
others similarly situated,

                      Plaintiff,

    -against-

RED BULL NORTH AMERICA,
INC., a California corporation,

                      Defendant.

1:13-CV-0369 (KPF)

ECF Case

DAVID WOLF and MIGUEL
ALMARAZ, individually and on
behalf of others similarly situated,

                      Plaintiffs,

    v.

RED BULL GMBH, a foreign
company; RED BULL NORTH
AMERICA, INC., a California
corporation; and RED BULL
DISTRIBUTION COMPANY, INC.,
a Delaware corporation,

                      Defendants.

1:13-CV-08008 (KPF)

## OBJECTIONS OF CHAD FARMER TO PROPOSED CLASS ACTION SETTLEMENT

I object to the proposed settlement related to Red Bull Energy Drinks. Class members have not been provided sufficient information to make a decision as to whether to support the settlement. In violation of Rule 23(h) of the Federal Rules of Civil Procedure, class members are required to file their objections without being given an opportunity to review class counsel's fee request, and they also were not provided basic information on things such as

the number of claims submitted – information necessary to evaluate the fairness of the settlement. The court should not approve a settlement where the procedures abridge class member's due process rights in this way.

## A. The Requirements for Objecting to the Settlement Are Unduly Burdensome

The procedures established by the court and attorneys that class members must follow to express their views on the settlement seem designed to discourage objectors. To get my objection on file, it should be enough for me to mail my objections to the court, class counsel and defense counsel. But according to the settlement notice, I am required to **file** my objections with the court. The filing requirement is a burden for pro se plaintiffs and most certainly will involve significant extra expense for any class member who lives outside of New York City. The court should be mindful of how difficult it is for an individual to file documents in federal court in New York. The filing requirement adds an additional level of complexity and confusion to class members who may not be comfortable with court procedures. Mailing a letter should be sufficient.

In addition to filing the objection with the court, I am also required to mail my objections to six different law firm addresses. Only one is required for Defendants, but the notice indicates the names of NINE attorneys serving as class counsel who have to be mailed copies of the objection. Those nine attorneys are at FIVE different addresses. It may be that mailing one copy of the objection to each of the five addresses would be considered sufficient, but this is not made clear in the notice. Instead, the notice advises me that, in addition to filing my objection with the court and sending the objection to attorneys for the defendants, I am required to mail my objection to the following:

> **CLASS COUNSEL**
> **Morelli Alters Ratner, LLP**
> *Benedict P. Morelli*

2

David S. Ratner
Adam Deutsch
777 Third Avenue,
31st Floor
New York, NY 10017

**Morelli Alters Ratner, LLP**
Jeremy W. Alters
Matthew T. Moore
Miami Design District
4141 Northeast 2nd Ave., Suite 201 Miami, FL 33137

**Kaplan Fox &Kilsheimer LLP**
Laurence D. King
Linda M. Fong
350 Sansome Street, Suite 400
San Francisco, CA 94104

**Kaplan Fox & Kilsheimer LLP.**
Frederic S. Fox
850 Third Avenue,
14th Floor
New York, New York 10022

**Kaplan Fox & Kilsheimer LLP.**
Justin B. Farar
11111 Santa Monica Blvd, Suite 620
Los Angeles, CA 90025

This lengthy list of individuals needing to be mailed the objection is absurd, particularly in that only two firms are represented. One letter to a representative for class counsel should be enough. Presumably, since these attorneys have been working on this case together, it would not be difficult for them to make arrangements to have objections copied or scanned and forwarded to all members of the firms involved in the settlement process. Requiring that objectors create multiple copies of their objections, and send those objections to multiple attorneys is unduly burdensome, and seems designed to interfere with the objection process.

I also object to the requirement that I provide a "sworn statement under penalty of perjury." As I understand it, the statute referred to, 28 U.S.C. § 1746, actually indicates that I can make an unsworn statement, but the class

notice clearly states that a sworn statement is required.  This interferes with my free speech rights.  Not everybody knows how to research the law and determine that under 28 U.S.C. § 1746 a sworn statement may not be required.  This requirement is unduly burdensome.  A simple signature on a letter identifies the person making the statement – this should be sufficient for the court's purposes.  That said, to comply with the court's requirements, my declaration is attached to this objection.   I would like to reserve the right to appear personally at the Final Approval Hearing, or to have an attorney represent me if I decide to seek representation.

**B.  The Issues Raised In the Complaint Have Not Been Resolved**

My first issue with the settlement is that it doesn't seem to resolve anything.  The Consolidated Class Action Complaint refers to false and misleading claims made on the Red Bull website.  As an example, the Complaint alleged that Red Bull "preys upon consumers by promising that, among other things, 'Red Bull gives you wings."  A visit to the Red Bull website reveals that Red Bull is still making the same kinds of claims that gave rise to the lawsuit.  As of today, as I write this objection, the home page of the Red Bull website has the caption "Giving Wings to People and Ideas," and further states "Red Bull gives you wings.  Red Bull's effects are recognized throughout the world by a variety of people such as top athletes, busy professionals, college students and travelers on long journeys."  See http://energydrink-us.redbull.com/, visited March 27, 2015.   And Red Bull is marketing its new products with the same kind of hype.  For example, new flavors are described as "Wings for Every Taste."  That page claims: "NEW from Red Bull.  Same wings, expanded taste. The Red Bull Editions combine the functionality of Red Bull Energy Drink with the taste of Orange, Wild Cherry, Cranberry, Blueberry and Tropical fruits.'  *See*  http://energydrink-us.redbull.com/red-bull-editions?medium=tsa&gclid=CMLduYmlzMQCFRSDfgodhI4AvA&gclsrc=a

4

w.ds, visited March 27, 2015.  So Red Bull is still telling consumers that its product gives you wings.  Although the notice states "Red Bull has voluntarily updated its marketing materials and product labeling directed at United States consumers to address the concerns raised as to the specific representations and omissions identified in the lawsuits . .  and . . . Red Bull confirms that all future claims about the functional benefits of its products will be medically and/or scientifically supported," I do not believe Red Bull has really changed its marketing to address the concerns raised in the lawsuit or the specific representations.

Further exploration of the Red Bull website reveals Red Bull is also still promoting the idea that drinking Red Bull leads to peak performances in a range of extreme sporting activities including ice climbing, motocross racing and surfing.  The website features interviews with super successful stars of extreme sports, and even includes pictures of the athlete holding or drinking Red Bull.  An example of the hype found on the Red Bull website, for example, is a piece titled "Our Favorite Photos of Maya Gabeira".  The webpage shows several pictures of the sexy Brazilian surfer riding the waves on her surfboard, but also includes pictures of her drinking Red Bull on the beach.

See http://www.redbull.com/us/en/surfing/stories/1331607969514/20-of-our-favorite-photos-of-maya-gabeira (see photo 17 of 20).  The implication is clear – Red Bull gives her the energy to excel at her sport (and doesn't hurt her sex appeal either).  So this settlement has not led to the kind of changes in Red Bull's marketing and advertising that the settlement notice suggests.  Red Bull is still perpetrating a hoax on the public and I don't see how the settlement has changed that.

## C.  The Compensation Plan Is Not Fair to the Class

On the one hand, I'm glad that I can choose to either get money or products, because I would not want to be required to get products.  But

knowing that Red Bull has been misrepresenting its products for the past several years, I'm not sure if it's fair to offer Red Bull products in settlement – especially with a claim that the Red Bull products offered are worth more than the cash. This is essentially a marketing ploy by Red Bull. Consumers who are not disaffected by Red Bull after learning of the false advertising may be persuaded to continue using the product with this offer of free products. The notice suggests you get more if you choose to take products instead of the money (since the offer is $10 in cash or products worth approximately $15 at retail). Since the products don't really cost Red Bull $15, this seems to allow Red Bull to claim that it's offering a lot more in settlement than it will actually cost Red Bull. Because of the ambiguity, I need to know how many claims have been submitted and how much cash Red Bull is really going to pay before I can say if the settlement is fair to the class. In addition, the notice didn't let me know how many class members there are – or how much money Red Bull made from the false advertising, this information would make it easier for me to evaluate the settlement.

I also am troubled that every class member is getting the same compensation, regardless of how much Red Bull they've bought. Some people are regular Red Bull drinkers, who may have been drinking a can or two a day for years, while others might only have had one or two cans in the past decade. It's not fair for everyone to be treated the same. So, in general it seems that this is just an easy out for Red Bull and the administrator. They don't have to sort through multiple claims from the people who are the most devoted customers, and they can offload some of their products, giving them a business loss at full retail value.

**D. Class Members Have Not Been Provided Information Needed to Evaluate the Fairness of the Settlement.**

Much of my concern with the settlement stems from the basic lack of information made available to class members. As noted above, I don't know

6

how many claims have been submitted, or even how big the class is. The objection deadline is about a month after the deadline to submit claims, so class counsel could have posted the number of claims filed on the website so I could have a general idea of how many people are going to be compensated through this settlement. But they have not done so. They also have not submitted their motion for final approval or motion for attorneys' fees to class members so we class members can review them prior to deciding whether to object or not. As an initial matter, the attorneys' fees seem way too high. The attorneys are requesting fees of $4.75 million, and class members are going to be getting (in theory) $13 million. To really have a fair idea of the value of the settlement, however, we need to know about the claim forms: how many were submitted, how many were for products, and we need to know the cost of those products to Red Bull – because it's just not fair to evaluate those at the retail price, which includes a profit to Red Bull.

Since the attorneys' fee motion and motion for final approval were not posted on the website or even filed with the court prior to the deadline to object to the settlement, the court cannot possibly determine that I have received adequate notice of the settlement. So, in effect, I feel the court may be denying me my due process rights if the settlement is approved. Class members have a due process right to notice and the opportunity to be heard in class action settlements affecting their rights. The right to notice and an opportunity to be heard, found in the U.S. Constitution and also expressed in key provisions of Rule 23 of the Federal Rules of Civil Procedure, should not be burdened. Rule 23 establishes class members' rights to notice at various stages of the litigation. Rule 23(c)(2)(B) requires "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Rule 23(e)(1) requires notice must be provided in a "reasonable manner".

Regarding the attorneys' fees, Rule 23(h) establishes class members'

7

right to notice and the opportunity to review class counsel's fee motion.  Rule 23(h) provides (1) A claim for an award must be made by motion . . [and] directed to Class Members in a reasonable manner."  The Advisory Committee notes to the 2003 Amendments to Rule 23(h) elaborate that "in setting the date objections are due, the court should provide sufficient time after the full fee motion is on file to enable potential objectors to examine the motion." Fed. R. Civ. P. 23, 2003 Advisory Committee Notes, ¶68.  In this case, however, the court set **the same deadline** for filing the attorneys' fee motion and for objecting to the Settlement.  Doc. 45, pages 4-5.  By setting the deadline for both at 30 days prior to the final approval hearing the court effectively prevented objectors' from reviewing the attorney fee motion prior to deciding whether to object.

The Ninth Circuit has described the setting of the deadline for filing a fee motion after the objection deadline as "border[ing] on a denial of due process because it deprives objecting class members of a full and fair opportunity to contest class counsel's fee motion." *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993 (9th Cir. 2010).  Making the fee motion due on the same date the objections are due has the same effect -- as class members cannot possibly review the fee motion and formulate objections related to it when they are due on the same day.  The Seventh Circuit endorsed the same reading of Rule 23(h) found in *Mercury Interactive* in *Redman v. RadioShack Corp.*, 768 F.3d 622 (2014).  There the court noted:

> Rule 23(h) of the civil rules requires that a claim for attorneys'
> fees in a class action be made by motion, and "notice of the
> motion must be served on all parties and, for motions by class
> counsel, directed to class members in a reasonable manner."
> Class counsel did not file the attorneys' fee motion until after
> the deadline set by the court for objections to the settlement had
> expired. That violated the rule.

*Redman*, at 637-38, *citing Mercury*, at 993–95; and Committee Notes on the 2003 Amendments to Rule 23.  The court should follow the approach

taken in these courts because it helps to protect class member rights. The inability to review the fee motion indicates the attorneys' fees may be problematic, and indeed in this case, I believe that the settlement seems structured to compensate the attorneys extremely handsomely.

## E.   The Attorneys' Fees Are Excessive and Unreasonable

As noted, the lack of information makes it hard for me to evaluate the fairness of the settlement. But the litigation in this case was not very far advanced when the parties entered into a settlement agreement, so it is likely class counsel's lodestar is quite low. Just based on this, attorneys' fees of $4.75 million seem excessive. If the lodestar number is high, that may raise another set of issues. Given the multiple attorneys I am required to send my objection to, I am guessing there has probably been a lot of duplicative work. I am sure lots of attorneys are staying involved in the case and reading pleadings and settlement documents, just so they can get paid. I can't really know this for sure, however, without seeing class counsel's lodestar and contemporaneous billing records. I do not believe that the class should have to pay for duplicative attorney work. Although a percentage award may be appropriate, when a settlement is achieved with little effort, that achieves little in terms of real change and only modest recovery for class members, class counsel should not be entitled to millions of dollars, or the high percentage that might be earned in smaller, more hotly contested contingent litigation. On the face of it, and based on the information provided, the attorneys have not substantiated a claim for $4.75 million in fees, which amounts to essentially 27% of the settlement fund. Although the attorneys claim the fees were negotiated separately, after the parties had agreed on the settlement fund, this assertion should be given little weight. At the settlement stage class counsel is hopelessly conflicted. Claims that there was no conflict because the fees were negotiated separately are unpersuasive. As Justice Posner remarked in *Eubank v. Pella*:

9

The defendant cares only about the size of the settlement, not how it is divided between attorneys' fees and compensation for the class. From the selfish standpoint of class counsel and the defendant, therefore, the optimal settlement is one modest in overall amount but heavily tilted toward attorneys' fees.

753 F.3d 718,720 (2014).

The court should keep in mind Justice Posner's analysis: "unfortunately American judges are accustomed to presiding over adversary proceedings. They expect the clash of the adversaries to generate the information that the judge needs to decide the case. And so when a judge is being urged by both adversaries to approve the class-action settlement that they've negotiated, he's at a disadvantage in evaluating the fairness of the settlement to the class." *Id., citing In re General Motors Corp. Pick–Up Truck Fuel Tank Products Liability Litigation, supra,* 55 F.3d 768,789–90 (3d. Cir. 1995).

Respectfully, I am objecting to this settlement in an effort to advise the court of its unfairness and the insufficiency of the information made available to the class. In this context, where plaintiffs and defendants have agreed to a settlement, the rights and interests of the class may fall by the wayside. Justice Posner's comments are again relevant. "Enter the objectors. Members of the class who smell a rat can object to approval of the settlement." *Eubank,* at 720. I hope the court does not approve this settlement, and fall victim to the same error as in *Eubank.*

## F.  The Court Has a Duty to Protect Absent Class Members.

In reviewing a proposed settlement, the district court has a duty to ensure that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. Proc. 23(e)(2). "In approving a proposed class action settlement, the district court has a fiduciary responsibility to ensure that 'the settlement is fair and not a product of collusion, and that the Class Members' interests were represented adequately.'" *Grant v. Bethlehem Steel Corp. v. Bethlehem Steel Corporation,*

823 F.2d 20, 23 (2d Cir. 1987).  "Because class actions are rife with potential conflicts of interest between class counsel and Class Members, district judges presiding over such actions are expected to give careful scrutiny to the terms of proposed settlements in order to make sure that class counsel are behaving as honest fiduciaries for the class as a whole."  *Mirfashi v. Fleet Mortgage Corp.* 356 F.3d 781, 785 (7th Cir. 2004).  Since class counsel and defendants are now on the same page in asking the court to approve the settlement, it is up to the court to exercise its fiduciary role with great caution.  Class counsel cannot be trusted at this stage.  Because of this it becomes all the more important that class members are provided adequate information for them to fully evaluate the settlement.  This was not done.

### G. Conclusion

For the reasons discussed above, I request that the court reject the settlement and the attorneys' fee request.  In addition to the issues raised in my objection, I would also like to expressly join in the arguments of any other well-founded and meritorious objections.  I respectfully request that the court sustain my objections, and enter such orders as are necessary and just to alleviate the inherent unfairness, inadequacies and unreasonableness of the Settlement.

Dated: March 31, 2015

Chad Farmer
208 Via Morello
Encinitas, CA 92024
(858) 752-2097
cmfarmer23@gmail.com

11

Copies to:

**CLASS COUNSEL**
**Morelli Alters Ratner, LLP**
*Benedict P. Morelli*
*David S. Ratner*
*Adam Deutsch*
777 Third Avenue,
31st Floor
New York, NY 10017

**Morelli Alters Ratner, LLP**
*Jeremy W. Alters*
*Matthew T. Moore*
Miami Design District
4141 Northeast 2nd Ave., Suite 201 Miami, FL 33137

**Kaplan Fox &Kilsheimer LLP**
*Laurence D. King*
*Linda M. Fong*
350 Sansome Street, Suite 400
San Francisco, CA 94104

**Kaplan Fox & Kilsheimer LLP.**
*Frederic S. Fox*
850 Third Avenue,
14th Floor
New York, New York 10022

**Kaplan Fox & Kilsheimer LLP.**
*Justin B. Farar*
11111 Santa Monica Blvd, Suite 620
Los Angeles, CA 90025

**RED BULL'S COUNSEL**
**Skadden Arps Slate Meagher & Flom LLP**
Jason D. Russell
Hillary A. Hamilton
300 S. Grand Ave. Suite 3400
Los Angeles, CA 90071

Kenneth A. Plevan
Jordan A. Feirman
Four Times Square
New York, NY 10036

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENJAMIN CAREATHERS, individually, and on behalf of all others similarly situated, | 1:13-CV-0369 (KPF) |
| Plaintiff, | ECF Case |
| -against- | |
| RED BULL NORTH AMERICA, INC., a California corporation, | |
| Defendant. | |
| DAVID WOLF and MIGUEL ALMARAZ, individually and on behalf of others similarly situated, | 1:13-CV-08008 (KPF) |
| Plaintiffs, | |
| v. | |
| RED BULL GMBH, a foreign company; RED BULL NORTH AMERICA, INC., a California corporation; and RED BULL DISTRIBUTION COMPANY, INC., a Delaware corporation, | |
| Defendants. | |

## DECLARATION OF CHAD FARMER

I, Chad Farmer, declare and state as follows:

1. I made at least one retail purchase of Red Bull products in the United States between January 1, 2002 and October 3, 2014;

2. I did not make said purchase for resale; and

3. I am not a Red Bull employee, officer, director, agent, or representative.


I declare under penalty of perjury that the foregoing is true and correct.

Executed this 31st day of March, 2015, at Encinitas, California.

_____
Chad Farmer