UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENJAMIN CAREATHERS, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br> vs.<br><br>RED BULL NORTH AMERICA, INC., a California corporation,<br><br>       Defendant. | Case No. 1:13-CV-0369 (KFP) |
| DAVID WOLF and MIGUEL ALMARAZ, individually and on behalf of others similarly situated,<br><br>       Plaintiffs,<br><br> v.<br><br>RED BULL GMBH, a foreign company; RED BULL NORTH AMERICA, INC., a California corporation; and RED BULL DISTRIBUTION COMPANY, INC., a Delaware corporation,<br><br>       Defendants. | Case No. 1:13-CV-08008 |

**OBJECTOR/APPELLANT PAUL J. LOPEZ'S OPPOSITION
TO PLAINTIFFS' MOTION FOR APPEAL BOND**

  Paul J. Lopez, Appellant and Objector herein, files this Opposition (the "Opposition") to Plaintiffs' Motion for Appeal Bond and Memorandum in Support Thereof (Dkt. Nos. 114 and 115) filed on July 24, 2015.

## INTRODUCTION

Class counsel seeks a $75,000 appellate bond under Rules 7 and 39 of the Federal Rules of Appellate Procedure. Specifically Rule 7 permits a bond of taxable costs as those are defined under Rule 39(e). Class counsel admits that taxable costs under Rule 39(e) (printing, copying briefs and other submissions) are estimated to be $5,000. Any sum above $5,000 is not a taxable cost but is instead ostensibly related to delay and "further claims administration costs for record storage, communications services (use and maintenance of the toll-free interactive voice response number as well as message transcriptions), Settlement Website maintenance, and overall project management[.]" Bond Memorandum at 1. Putting aside a lengthy *ad hominem* attack on Mr. Lopez's counsel, the legal issue presented is a fairly simple one: should an appellate bond in this case exceed the $5,000 in taxable costs under Rule 39(e) to also include administrative delay costs associated with continued settlement administration? The answer to this straightforward question is "no."

## ARGUMENT

As an initial matter, Mr. Lopez does not oppose a bond of less than or equal to $5,000, class counsel's estimate of taxable costs under Rule 39(e). Indeed, were Plaintiffs to have asked *via* a meet and confer about an appeal bond, Mr. Lopez likely would have agreed to a bond for taxable costs not to exceed $5,000 simply to expedite this matter and to get on with briefing and otherwise moving forward with the appeal. Indeed, it appears that the bond motion serves more as a vehicle to make scandalous, *ad hominem* attacks on Mr. Lopez's counsel than to obtain a bond for taxable costs.[1]

---

[1] Plaintiffs' attack is summarized thusly: "Appellant Lopez is represented by Christopher Bandas, whom courts have widely condemned as a professional objector who appeals or objects to settlements in bad faith in order to extort a fee from the settling classes." Bond Memorandum

2

OBJECTOR/APPELLANT PAUL J. LOPEZ'S OPPOSITION TO PLAINTIFFS' MOTION
FOR APPEAL BOND

Plaintiffs' motion to require objectors to post a Rule 7 appeal bond that includes $70,000 as costs of delay is without merit. "Costs of delay" cannot be included in a Fed. R. App. Proc. 7 appeal bond. *See In re AOL Time Warner, Inc.*, 2007 WL 2741033, at *4 (Sept. 20, 2007) (citing *Adsani v. Miller*, 139 F.3d 67, 79 (2d Cir. 1998)); *see also In re Currency Conversion Fee Antitrust Litig.*, 2010 WL 1253741, at *3 (S.D.N.Y. Mar. 5 2010); *Vaughn v. Am. Honda Motor Co.*, 507 F.3d 295, 298-99 (5th Cir. 2007); *In re American President Lines, Inc.*, 779 F.2d 714, 717-18 (D.C. Cir. 1985). "Costs of delay" are only covered in a *supersedeas* bond, which is only available under Fed. R. App. Proc. 8 or Fed. R. Civ. Proc. 62(d). *Vaughn v. Am. Honda Motor Co.*, 507 F.3d 295, 298-99 (5th Cir. 2007); *In re American President Lines, Inc.*, 779 F.2d 714, 717-18 (D.C. Cir. 1985).

While Plaintiffs claim they are seeking an appeal bond, what they are really seeking is a *supersedeas* bond under Fed. R. App. Proc. 8, which is a bond for delay expenses. The difference between a *supersedeas* bond and an appeal bond is important: an appeal bond is a precondition for appeal, while an appellant can choose to forgo paying a *supersedeas* bond. *In re*

---

at 3. Whether an appeal is frivolous is decided by courts of appeal, not the trial court. *Vaughn v. American Honda Motor Co., Inc.*, 507 F.3d 295, 299 (5th Cir. 2007); *Cooter & Gell,* 496 U.S. 384, 407 (1990); *In re American President Lines, Inc.,* 779 F.2d 714, 717 (D.C. Cir 1985). And only the appellate court has the authority to impose sanctions for a frivolous appeal. *In re Vasseli,* 5 F.3d 351, 353 (9th Cir. 1993) (citing *In re American President Lines, Inc.,* 779 F.2d 714, 717 (D.C. Cir. 1985)). If the Second Circuit determines that Mr. Lopez's appeal is frivolous, Plaintiffs have the option of taking action at that time. "A district judge ought not try to insulate his decisions from appellate review by preventing a person from acquiring a status essential to that review." *Robert F. Booth Trust v. Crowley*, 687 F.3d 314, 318 (7th Cir. 2012). *Accord Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 961 (9th Cir. 2007) ("[A]ny attempt by a court at preventing an appeal is unwarranted and cannot be tolerated." (*quoting Adsani v. Miller*, 139 F.3d 67, 79 (2d Cir. 1998)). Moreover, this objection and the appeal have been brought in good faith. Without belaboring the point, Mr. Bandas' clients have prevailed in many appeals notwithstanding the all too frequent accusations that Mr. Bandas' clients' appeals were frivolous and brought in bad faith. *See, eg.* Exhibits A-D.

3

OBJECTOR/APPELLANT PAUL J. LOPEZ'S OPPOSITION TO PLAINTIFFS' MOTION
FOR APPEAL BOND

*American President Lines, Inc.*, 779 F.2d at 717-18 (D.C. Cir. 1985).  The requirements for Fed. R. App. Proc. 8 are not met because, among other reasons, Mr. Lopez has not sought a stay of this Court's ruling.  Fed. R. App. Proc. 7 does not give a district court authority to write Fed. R. App. Proc. 8 out of the rules of federal procedure and require a bond for delay costs as a precondition for appeal.  *American President Lines*, 779 F.2d at 718-19.

To the extent a bond is imposed in this case, it should not exceed the estimate of taxable costs of $5,000.

## CONCLUSION

Mr. Lopez respectfully requests that, to the extent the Court orders a bond in this case, the bond should not exceed $5,000.  The request for a $75,000 appeal bond should be denied.

Dated: August 5, 2015.

/s/David Stein
David Stein
Samuel and Stein
38 West 32nd Street, Suite 1110
New York, NY 10001
Phone: (212) 563-9884
Fax: (212) 563-9870
Email: dstein@samuelandstein.com (DS-2119)

*Attorney for Objector/Appellant Paul J. Lopez*

4

OBJECTOR/APPELLANT PAUL J. LOPEZ'S OPPOSITION TO PLAINTIFFS' MOTION
FOR APPEAL BOND

## Certificate of Service

I hereby certify that on August 5, 2015, I caused one true and correct copy of the foregoing pleading to be served via ECF and First Class Mail postage prepaid upon the following parties:

Morelli Alters Ratner, LLP
Benedict P. Morelli
David S. Ratner
Adam Deutsch
777 Third Avenue, 31st Floor
New York, NY 10017

Morelli Alters Ratner, LLP
Jeremy W. Alters
Matthew T. Moore
Miami Design District
4141 Northeast 2nd Ave., Suite 201
Miami, FL 33137

Kaplan Fox & Kilsheimer LLP
Laurence D. King
Linda M. Fong
350 Sansome Street, Suite 400
San Francisco, CA 94104

Kaplan Fox & Kilsheimer LLP
Frederic S. Fox
850 Third Avenue, 14th Floor
New York, New York 10022

Kaplan Fox & Kilsheimer LLP
Justin B. Farar
11111 Santa Monica Blvd, Suite 620
 Los Angeles, CA 90025

Skadden Arps Slate Meagher & Flom LLP
Jason D. Russell
Hillary A. Hamilton
300 S. Grand Ave. Suite 3400
Los Angeles, CA 90071

5

OBJECTOR/APPELLANT PAUL J. LOPEZ'S OPPOSITION TO PLAINTIFFS' MOTION
FOR APPEAL BOND

Kenneth A. Plevan
Jordan A. Feirman
Four Times Square
New York, NY 10036

                                                  */s/ David Stein*
                                                  David Stein