**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------- X

| | | |
|---|---|---|
| BENJAMIN CAREATHERS, individually, and on behalf of all others similarly situated, | : : : : | 1:13-CV-0369 (KPF) <br><br> ECF Case |
| Plaintiff, | : : : | Electronically Filed |
| - against - | : : | |
| RED BULL NORTH AMERICA, INC., a California corporation, | : : : | |
| Defendant. | : : | |

----------------------------------- :

| | | |
|---|---|---|
| DAVID WOLF and MIGUEL ALMARAZ, individually and on behalf of others similarly situated, | : : : : | 1:13-cv-08008 (KPF) |
| Plaintiffs, <br> v. | : : : : | |
| RED BULL GMBH, a foreign company; RED BULL NORTH AMERICA, INC., a California corporation; and RED BULL DISTRIBUTION COMPANY, INC., a Delaware corporation, | : : : : : : | |
| Defendants. | : : | |

----------------------------------- X

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER**
<u>**SUPPORT OF THE MOTION FOR AN APPEAL BOND**</u>

Plaintiffs respectfully submit this memorandum of law in response to the memorandum filed by Appellant Paul Lopez on August 5, 2015 (ECF No. 118) ("Lopez Br."), and in further support of Plaintiffs' motion for an appeal bond.

In his memorandum, Appellant Lopez does not oppose posting an appeal bond or claim that he is financially incapable of posting the bond requested, but rather, asserts that one of the costs sought—the cost for claims administration services incurred due to the delayed disbursement of the settlement fund pending his appeal—is not a viable basis for an appeal bond.[1] He is wrong.

Rule 7 provides that "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. In the Second Circuit, the term "costs" under Rule 7 refers to "all costs properly awardable under the relevant substantive statute *or other authority*. In other words, all costs properly awardable in an action are to be considered within the scope of [the] Rule...." *Adsani v. Miller*, 139 F.3d 67, 72 (2d Cir. 1998) (emphasis added) (applying the *Marek v. Chesny*, 473 U.S. 1, 9 (1985), analysis of Fed. R. Civ. P. 68 to Fed. R. App. P. 7).

Under *Adsani*, Judge Cote found that Rule 38 of the Federal Rules of Appellate Procedure provided such "other authority" for including anticipated claims administration costs in a Rule 7 appeal bond in light of the likely frivolous nature of the appeal (which was filed by the same

---

[1] Additionally, Lopez mischaracterizes Plaintiffs' detailing of his attorney's extensive history of lodging meritless and vexatious settlement appeals as nothing more than an *ad hominem* attack which the Court should not credit in deciding whether to grant the requested appeal bond. To the contrary, Plaintiffs' submission concerning Lopez's attorney, Christopher Bandas, highlights his pattern of vexatious conduct relevant to assessing the intent and merits of the present appeal, and which numerous courts have considered relevant in granting motions for appeal bonds. *See, e.g., In re Gen. Elec. Co. Sec. Litig.*, 998 F. Supp. 2d 145, 156 (S.D.N.Y. 2014); *In re Hydroxycut Mktg. & Sales Practices Litig.*, No. 09md2087 BTM (KSC), 2013 WL 5275618, at *5 (S.D. Cal. Sept. 17, 2013); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 281 F.R.D. 531, 533 n.4 (N.D. Cal. 2012).

1

attorney as here, Christopher Bandas).[2] *Gen. Elec.*, 998 F. Supp. 2d at 153. Under Rule 38, the Court of Appeals may "award just damages and single or double costs to the appellee" upon a finding that an appeal is "frivolous." Fed. R. App. P. 38. Judge Cote found that "[s]uch damages can therefore, in the appropriate circumstances, be included in a Rule 7 Bond." *Gen. Elec.*, 998 F. Supp. 2d at 151; *see also*, *Adsani,* 139 F.3d at 79 ("A district court, familiar with the contours of the case appealed, has the discretion to impose a bond which reflects its determination of the likely outcome of the appeal.").

Indeed, numerous courts have ordered appeal bonds which include claims administration costs for the anticipated delays caused by meritless appeals. *See Heekin v. Anthem, Inc.,* No. 1:05-cv-01908-TWP-TAB, 2013 WL 752637, at *2, 4 (S.D. Ind. Feb. 27, 2013) (granting appeal bond including $235,000 in claims administration costs because "the excess administrative costs created by the delay incident to the appeal [] can be characterized as a 'cost of appeal' under Rule 7"); *In re Nutella Mktg. and Sales Practices*, No. 11-1086 (FLW), 2012 WL 6013276, at *3 (D.N.J. Nov. 20, 2012) (granting appeal bond that included $20,000 in claims administration costs); *In re Uponor, Inc., F1807 Plumbing Fittings Prods. Liab. Litig.*, No. 11–MD–2247 ADM/JJK, 2012 WL 3984542, at *4-5 (D. Minn. Sep. 11, 2012) (same); *Miletak v. Allstate Ins. Co.*, No. C 06–03778 JW, 2012 WL 3686785, at *2 (N.D. Cal. Aug. 27, 2012) (granting appeal bond that included $50,000 in claims administration costs); *In re Cardizem CD Antitrust Litig.,* 391 F.3d 812, 815, 818 (6th Cir. 2004) (affirming the trial court's imposition of an appeal bond including $123,429

---

[2] Although Lopez suggests that Bandas has prevailed in some appeals on behalf of his objector clients (Lopez Br., n.1), Bandas' involvement and contribution to the appeals cited by Lopez is unclear. For example, Bandas is not listed as counsel for the appellant in the case Lopez attached as Exhibit D, and in *In Re Baby Products Antitrust Litigation*, 708 F.3d 163, 169 n.3 (3d Cir. 2013) (Lopez Br. Ex. B), Bandas appeared on behalf of an appellant who did not file a brief. Thus, the claim that Bandas has actually sought, much less achieved, legitimate settlement reforms is dubious.

in incremental administration costs under a state law equivalent to Fed. R. App. P. 38); *In re Compact Disc Minimum Advert. Price Antitrust Litig.*, No. MDL 1361, 2003 WL 22417252, at *1-2 (D. Me. Oct. 7, 2003) (awarding a $35,000 bond, which included fees for settlement administration and the cost of tracking down class members who moved during the appeals period).

As a matter of policy, this jurisprudence provides an important tool for redressing professional objectors' use of frivolous appeals to extort a personal payday from class counsel. *See* John E. Lopatka & D. Brooks Smith, *Class Action Professional Objectors: What to Do About Them?*, 39 FLA. ST. U. L. REV. 865, 872 (2012) (advocating for broader use of Rule 7 appeal bonds "reflect[ing] the full expected cost of appeal, including attorneys' fees and the cost of delay incurred by class members and their attorneys," as the best of several potential means of addressing meritless appeals by professional objectors).[3]

In opposition to this authority, Appellant Lopez primarily relies on *In re AOL Time Warner, Inc., Securities and "ERISA" Litigation*, MDL Docket No. 1500, 2007 WL 2741033, at *4 (Sept. 20, 2007) (Kram, J.), in support of his argument that claims administration costs cannot be included in an appeal bond.[4] Judge Kram rejected the request to include claims administration costs in an appeal bond because the authority cited in support, *In re NASDAQ Market-Makers Antitrust Litigation,* 187 F.R.D. 124, 128 (S.D.N.Y. 1999), did so under a mistaken analysis related

---

[3] As discussed in Plaintiffs' opening memorandum and summarized in this law review article, "[t]he prospect of financial loss caused by delay in implementation of a class settlement has given rise to a cottage industry of so-called professional objectors: attorneys who oppose settlements on behalf of nonnamed class members and threaten to file meritless appeals of the final judgment merely to extract a payoff." Lopatka & Smith, 39 FLA. ST. U. L. REV. at 865-66.

[4] Lopez also cites *In re Currency Conversion Fee Antitrust Litigation*, MDL No. 1409, 2010 WL 1253741, at *3 (S.D.N.Y. Mar. 5, 2010) (Pauley, J.), however, that decision simply agrees with *In re AOL* without any further analysis.

to supersedeas bonds. *In re AOL,* 2007 WL 2741033, at *4 n.4.  Additionally, Judge Kram read *Adsani* narrowly, confining the ruling to the facts before the *Adsani* Court, where a Copyright Act provision underlying the claims supported inclusion of the challenged costs in the appeal bond. *Id.* at *4.  However, nothing in the text of *Adsani* requires such a narrow interpretation, and indeed, quite the opposite.  In rejecting the argument that Rule 7 "costs" must be limited to those enumerated by Rule 39, the *Adsani* Court found "very persuasive authority" in the Supreme Court's analysis in *Marek* of "costs" under Rule 68 of the Federal Rules of Civil Procedure:

> Against this background of varying definitions of "costs," the drafters of Rule 68 did not define the term; nor is there any explanation whatever as to its intended meaning in the history of the Rule.
>
> In this setting, given the importance of "costs" to the Rule, it is very unlikely that this omission was mere oversight; on the contrary, the most reasonable inference is that the term "costs" in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority. In other words, all costs properly awardable in an action are to be considered within the scope of Rule 68 "costs."

*Adsani,* 139 F.3d at 72-73 (quoting *Marek,* 473 U.S. at 8-9).  Thus, *Adsani* suggests that any costs which may properly be awarded at the conclusion of an appeal may be included in an appeal bond. Given that damages and other sanctions may properly be awarded under Rule 38 for a frivolous appeal, such amounts are likewise properly included in an appeal bond where the district court concludes the appeal is likely frivolous, as it is here.  Thus, Plaintiffs submit that *Gen. Elec.,* 998 F. Supp. 2d 145, provides the better-reasoned and more persuasive authority on this issue.

Appellant Lopez also contends that any costs incurred as a result of the delay occasioned by his appeal are properly the subject of a supersedeas bond rather than an appeal bond.  He is mistaken.  As the Second Circuit has explained, "a 'supersedeas bond' is retrospective covering sums related to the merits of the underlying judgment (and stay of its execution), whereas a [Rule 7 appeal or] 'cost bond' is prospective relating to the potential expenses of litigating an appeal."

4

*Adsani,* 139 F.3d at 70 n. 2 (citing *The Astoria,* 1 F.R.D. 742, 743 (E.D.N.Y. 1941)); *see also, Gen. Elec.*, 998 F. Supp. 2d at 150 ("Unlike a supersedeas bond, which is retrospective in its focus, a Rule 7 Bond is prospective."). Here, the claims administration costs which Plaintiffs seek to include in an appeal bond are just such ***prospective*** expenses which will only be incurred as a result of the delay in disbursing the settlement caused by Lopez's appeal. Therefore, these costs are properly included in an appeal bond.

Thus, for the reasons set forth above and in Plaintiffs' opening memorandum, Plaintiffs submit that an appeal bond in the amount of $75,000 is necessary and proper, and that Appellants should be required to post such a bond to secure the reimbursement of costs likely to be incurred due to their meritless appeals.

Respectfully submitted,

Dated:  San Francisco, CA
August 12, 2015

KAPLAN FOX & KILSHEIMER LLP

By:    /s/ *Laurence D. King*
Laurence D. King

Laurence D. King
Linda M. Fong
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone:  (415) 772-4700
Facsimile:   (415) 772-4707
lking@kaplanfox.com
lfong@kaplanfox.com

KAPLAN FOX & KILSHEIMER LLP
Frederic S. Fox
Melinda D. Campbell
850 Third Avenue, 14th Floor
New York, New York 10022
Telephone: (212) 687-1980
ffox@kaplanfox.com
mcampbell@kaplanfox.com

        KAPLAN FOX & KILSHEIMER LLP
        Justin B. Farar
        11111 Santa Monica Blvd, Suite 620
        Los Angeles, CA 90025
        Telephone:  (310) 575-8670
        Facsimile:  (310) 575-8697
        jfarar@kaplanfox.com

*Attorneys for Plaintiffs David Wolf & Miguel Almaraz*

Respectfully submitted,

Dated: New York, New York
       August 12, 2015

MORELLI ALTERS RATNER, LLP

By:   /s/ *Benedict P. Morelli*
       Benedict P. Morelli

Benedict P. Morelli
David S. Ratner
Adam Deutsch
777 Third Avenue, 31st Floor
New York, NY 10017
bmorelli@morellilalters.com
dratner@morellialters.com
adeutsch@morellialters.com

MORELLI ALTERS RATNER, LLP
Jeremy W. Alters
Matthew T. Moore
Miami Design District
2675 N.E. 188th Street
Miami, Florida 33180
jalters@morellialters.com
mmoore@morellialters.com

*Attorneys for Plaintiff Benjamin Careathers*

**CERTIFICATE OF SERVICE**

I, Laurence D. King, counsel for Plaintiffs Wolf and Almaraz in this action, hereby certify that on August 12, 2015, I electronically filed with the Clerk of the Court for the Southern District of New York using the CM/ECF system, the document entitled "**Plaintiffs' Reply Memorandum of Law in Further Support of the Motion for an Appeal Bond**."

Participants in the case who are registered CM/ECF users are served by the CM/ECF system. Some of the participants in the case are not registered CM/ECF users and have been served on this date by First-Class Mail.

I am readily familiar with my firm's practice of collection and processing correspondence for mailing and that practice is that the documents are enclosed in sealed envelopes, with postage prepaid thereon, and deposited with the U.S. Postal Service on that same date as this Certificate of Service, in the ordinary course of business, addressed as follows:

Benedict P. Morelli
Morelli Ratner PC
777 Third Avenue, 31st Fl
New York, NY 10017

Barry Waterman
560 Sparks Mill Rd
Centreville, MD 21617

Christopher Andrews
P. O. Box 530394
Livonia, MI 48152-0394

Dave Mager
10121 Page Road
Streetsboro, OH 44241

Jonathan Corbett
382 NE 191st St #86952
Miami, FL 33179-3899

7

Lawrence Montecalvo
273 Lion Point
Boulder, CO 80302

Michael Narkin
85391 Chezem Road
Eugene, OR 97405

Chad Farmer
208 Via Morello
Encinitas, CA  92024

Christopher Bandas
Bandas Law Firm PC
500 N. Shoreline Blvd., Ste.1020
Corpus Christi, TX  78401

*Counsel for Objector-Appellant Paul J. Lopez*

Executed this 12th day of August, 2015 at San Francisco, California.

KAPLAN FOX & KILSHEIMER LLP

  /s/ *Laurence D. King*
           Laurence D. King

*Attorney for Plaintiffs David Wolf and Miguel Almaraz*