# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | | |
|---|---|---|
| **BENJAMIN CAREATHERS,** | : | **1:13-CV-0369 (KPF)** |
| individually, and on behalf of all others | : | |
| similarly situated, | : | **ECF Case** |
| | : | |
| **Plaintiff,** | : | **Electronically Filed** |
| | : | |
| - against - | : | |
| | : | |
| **RED BULL NORTH AMERICA, INC.,** | : | |
| a California corporation, | : | |
| | : | |
| **Defendant.** | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - :

| | | |
|---|---|---|
| **DAVID   WOLF   and   MIGUEL** | : | **1:13-cv-08008 (KPF)** |
| **ALMARAZ,** individually and on behalf of | : | |
| others similarly situated, | : | |
| | : | |
| **Plaintiffs,** | : | |
| v. | : | |
| | : | |
| **RED BULL GMBH,** a foreign company; | : | |
| **RED BULL NORTH AMERICA, INC.,** a | : | |
| California corporation; and **RED BULL** | : | |
| **DISTRIBUTION   COMPANY,   INC.,   a** | : | |
| Delaware corporation, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X


**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER**
<u>**SUPPORT OF MOTION FOR MAGER APPEAL BOND**</u>

Benjamin Careathers, David Wolf, and Miguel Almaraz ("Plaintiffs") respectfully submit this memorandum of law in response to the memorandum submitted by Appellant Dave Mager ("Mager") on August 11, 2015 (ECF No. 120) ("Mager Br."), and in further support of Plaintiffs' motion for an appeal bond.

In his memorandum and the accompanying declaration, Mager asserts that he is financially incapable of posting an appeal bond "of any size," and that his appeal of the Court's Settlement Order and Fee Order[1] were made in good faith.  Mager Br. at 2, ¶5; Mager Decl. ¶¶ 2-3.  Neither of these assertions is entitled to any weight.

First, with respect to Mager's financial capacity to post a bond, as noted in Plaintiffs' opening memorandum ("Plts.' Mem. Supp. Appeal Bond" at 14), it is Mager's burden to provide "credible evidence of an inability to pay."  *Adsani v. Miller*, 139 F.3d 67, 79 (2d Cir. 1998) ("[W]ithout any showing of her financial hardship, the bond imposed on Adsani is not an impermissible barrier to appeal and Adsani's arguments to the contrary should be rejected.); *see also*, *Baker v. Urban Outfitters, Inc.*, No. 01 CV 5440 LAP, 2006 WL 3635392, at *1 (S.D.N.Y. Dec. 12, 2006) (rejecting claim that appellant was financially unable to post appeal bond where insufficient documentation of assets and interests was submitted).  Mager has failed to submit any financial documentation of his purported inability to post a bond, therefore, his argument should be rejected.

Second, nothing in Mager's submission suggests that his claim of good faith should be credited.  While Mager argues that his history of settlement appeals does not reflect on the merits of his present appeal and that he "should be given the same right to substantiate the merits of his

---

[1] Capitalized terms in this memorandum have the same meaning as defined in Plaintiffs' Memorandum of Law in Support of Motion for an Appeal Bond.

appeal (through opening and reply briefs) afforded to any other appellant" (Mager Br. at 2), his history of settlement appeals shows that he has ***never actually submitted any such briefing***.  *See* Plts.' Mem. Supp. Appeal Bond at 5 (detailing Mager's history of voluntarily dismissing appeals prior to appellate briefing).  Moreover, if his dubious assertion that he cannot afford a bond of ***any*** amount is true, it further begs the question as to his financial motivation for pursuing an appeal from which he can expect—in his best-case scenario—a *de minimus* benefit.  *See In re Gen. Elec. Co. Sec. Litig.*, 998 F. Supp. 2d 145, 156 (S.D.N.Y. 2014) ("In judging the legitimacy of [the appellant]'s motives in filing an appeal, it is also helpful to evaluate [his] personal stake in this class action.").

Thus, for the reasons set forth in Plaintiffs' opening and reply memoranda, Plaintiffs submit that an appeal bond in the amount of $75,000 is necessary and proper, and that Appellant Mager should be required to post such a bond to secure the reimbursement of costs likely to be incurred due to his meritless appeal.

Respectfully submitted,

Dated: August 19, 2015
    San Francisco, CA

KAPLAN FOX & KILSHEIMER LLP

*/s/ Laurence D. King*

Laurence D. King
Linda M. Fong
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone:  (415) 772-4700
Facsimile:   (415) 772-4707
lking@kaplanfox.com
lfong@kaplanfox.com

KAPLAN FOX & KILSHEIMER LLP
Frederic S. Fox
Melinda D. Campbell
850 Third Avenue, 14th Floor
New York, New York 10022
Telephone: (212) 687-1980
ffox@kaplanfox.com

KAPLAN FOX & KILSHEIMER LLP
Justin B. Farar
11111 Santa Monica Blvd, Suite 620
Los Angeles, CA 90025
Telephone:  (310) 575-8670
Facsimile:   (310) 575-8697
jfarar@kaplanfox.com

*Attorneys for Plaintiffs David Wolf & Miguel Almaraz*

Dated: August 19, 2015
       New York, NY

MORELLI ALTERS RATNER, LLP

*/s/ Benedict P. Morelli*

Benedict P. Morelli
David S. Ratner
Adam Deutsch
777 Third Avenue, 31st Floor
New York, NY 10017
bmorelli@morellilalters.com
dratner@morellialters.com
adeutsch@morellialters.com

MORELLI ALTERS RATNER, LLP
Jeremy W. Alters
Matthew T. Moore
Miami Design District
2675 N.E. 188th Street
Miami, Florida 33180
jalters@morellialters.com
mmoore@morellialters.com

*Attorneys for Plaintiff Benjamin Careathers*

3